MEMORANDUM ***
The State of California, through its representative, appeals the district court’s judgment conditionally granting Aaron Morgan Walker’s petition for habeas corpus pursuant to 28 U.S.C. § 2254. The district court—purporting to apply the standard of review required by the Anti-Terrorism and Effective Death Penalty Act (AEDPA)—concluded that Walker’s Sixth Amendment rights were violated when the trial court failed to re-arraign him on an amended criminal complaint and re-advise him of his right to counsel, at his preliminary hearing. The district court further concluded that the error required automatic reversal. We respectfully disagree with the district court, and accordingly reverse its grant of habeas relief.[1]
We review the district court’s decision de novo. Sanders v. Ratelle, 21 F.3d 1446, 1451 (9th Cir.1994). The merits of this petition are viewed in light of the AEDPA. See Lindh v. Murphy, 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Under the AEDPA, a habeas petition cannot be granted unless the state court decision: (1) “was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,” or (2) “was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.” 28 U.S.C. 2254 § (d)(l)-(2).
*457 Even if we were to agree that established Supreme Court precedent dictates the conclusion that Walker’s Sixth Amendment rights were violated during his pretrial proceedings, the state court’s ultimate determination that any such error was harmless under Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), was neither “contrary to” nor an “unreasonable application” of clearly established federal law. See Coleman v. Alabama, 399 U.S. 1, 9-11, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970) (stating that violation of right to counsel at preliminary hearing stage is to be reviewed for prejudice under Chapman standard); Arizona v. Fulminante, 499 U.S. 279, 306-307, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991) (citing Coleman as one of several cases in which Court has found constitutional error amenable to harmless error review).
To the extent the state court’s harmless error determination would not be entitled to AEDPA deference because the court initially—and primarily—decided the issue under the state law harmless error standard, relief would nevertheless be precluded, as the outcome would be the same under a de novo review. See Frantz v. Hazey, 533 F.3d 724, 735 (9th Cir.2008) (en banc) (explaining that if a state court decision is not entitled to deference under the AEDPA, then standard of review defaults to de novo review); Bains v. Cambra, 204 F.3d 964, 971 n. 2 (9th Cir.2000) (explaining that prejudice determination for federal habeas review announced in Brecht v. Abrahamson, 507 U.S. 619, 637-38, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) is the “equivalent” of California state law error prejudice standard).
REVERSED and REMANDED with instructions to enter judgment in favor of respondents.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Because the parties are familiar with the procedural and factual history of this case, we will not recount it here.